UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-cv-2381

JUSTICE PEREZ,

     Plaintiff,

vs.

THE SCHOOL BOARD OF BREVARD COUNTY;
MISTY BELFORD;
CHERYL McDOUGALL;
JENNIFER JENKINS, as Successor to TINA DESCOVICH;
TINA DESCOVICH;
MATT SUSIN; and
KATYE CAMPBELL,
Individually and as Members of the Board;
MARK MULLINS, Superintendent of Schools,
Individually and as Superintendent; and
SYLVIA MIJUSKOVIC, Individually and as
Principal of Space Coast Junior/Senior High School,

     Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant The

School Board of Brevard County (the School Board), by undersigned counsel,

appearing specially so as to preserve any and all defenses available under Rule

12 of the Federal Rules of Civil Procedure, gives notice of the removal of this

action from the State Court of Brevard County, Florida, to the United States

49593453 v1

District Court for the Middle District of Florida, Orlando Division. As grounds in support of this Notice of Removal, the School Board states as follows:

## I.  PROCEDURAL HISTORY

1.    Plaintiff Justice Perez commenced this action by filing a Complaint in the State Court of Brevard County, Florida, against the School Board and other defendants. The Complaint was assigned case number 05-2022-CA-043583-XXXX-XX (*See* Complaint, attached hereto as **Composite Exhibit A,** along with the state court file).

2.    Along with the School Board, Perez also sues, Misty Belford (Belford), Cheryl McDougall (McDougall), Jennifer Jenkins, as Successor to Tina Descovich (Jenkins), Tina Descovich (Descovich), Matt Susin (Susin) and Katye Campbell (Campbell), all individually and as Members of the School Board.

3.    In addition, Perez also sues Mark Mullins, individually and as the Superintendent of Schools (Mullins) and Sylvia Mijuskovic, individually and as the Principal of Space Coast Junior and Senior High School (Mijuskovic).

4.    Undersigned counsel refers to the School Board, Belford, McDougall, Jenkins, Descovich, Susin, Campbell, Mullins, and Mijuskovic collectively as Defendants.

5.    The Complaint was served on Descovich on November 29, 2022.

49593453 v1                              2

6.     The Complaint was served on the School Board, Belford, McDougall, Jenkins and Susin on November 30, 2022.

7.     The Complaint was served on Campbell on December 2, 2022.

8.     The Complaint was served on Mullins on November 30, 2022.

9.     The Complaint has not yet been was served on Mijuskovic.

10.    In the Complaint, Perez, a student at the Space Coast Junior/Senior High School, purports to assert a single-count Fourteenth Amendment § 1983 claim against the Defendants alleging that they violated his constitutional right to bodily integrity. (*See generally* Composite Exhibit A).

11.    Perez seeks damages, including punitive damages, against the Defendants. (*Id.* at Wherefore clause of Complaint).

12.    This case is properly removable under 28 U.S.C. § 1441, which provides as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## II.    FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

13.    This case is properly removable under 28 U.S.C. § 1331 because Perez purports to allege a Fourteenth Amendment constitutional claim against

the Defendants. *See* 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

14.     Accordingly, federal question jurisdiction exists because Perez's Fourteenth Amendment § 1983 claim could originally have been filed in this Court.

15.     To the extent Perez alleges, now or later, any state law claims, this Court can exercise supplemental jurisdiction over those claims because these claims form part of the same case or controversy as Perez's federal claims. *See* 28 U.S.C. § 1367(a), ("[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

## III.    ADOPTION AND RESERVATION OF DEFENSES

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent

defense available under Florida law or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

18. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Composite Exhibit "A"** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon the School Board to date in this case.

19. This Notice of Removal is filed within thirty days after service of the Complaint on the School Board and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

20. The School Board has not previously sought similar relief.

21. The United States District Court for the Middle District of Florida, Orlando Division, is the District and Division embracing the place where this action is pending in state court.

22. The School Board reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

23. Contemporaneously with the filing of this Notice of Removal, the other Defendants file their joinders and consents to this removal.

24.     Contemporaneously with this filing the School Board files (1) a copy of this Notice of Removal; (2) the joinders and consents to removal by the other defendants; and (3) a Notice of Filing Notice of Removal, with the clerk of the State Court of Brevard County, Florida.

25.     Written notice of the filing of this Notice of Removal has also been served upon Perez, though counsel.

**WHEREFORE**, the School Board respectfully requests that Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court of Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 22nd day of December, 2022, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to the following counsel of record.  A copy will also be provided by First Class U.S. Mail and electronic mail to:

Gregory A. Crutchfield
Primary Email: gcrutchfield@crutchfieldlaw.com
Secondary Email: personalinjury@crutchfieldlaw.com
Secondary Email: pleadings@crutchfieldlaw.com
Crutchfield & Pyles, P.A.
5575 S. Hwy. U.S. 1, Rockledge, Florida 32955
*Attorney for Plaintiff*

/s/ *Sheena A. Thakrar*
HOWARD S. MARKS
Florida Bar No.: 0750085

Email: hmarks@burr.com
Secondary Email: echaves@burr.com
SHEENA A. THAKRAR
Florida Bar No.  871141
Email: sthakrar@burr.com
Secondary Email: echaves@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600
Fax: (407) 540-6601
*Attorneys for Defendants*